IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOSEPH N. ANDERSON                                                                                           PLAINTIFF

v.                                    Case No. 4:12CV00092 JMM-JTK

MICHAEL J. ASTRUE, *Commissioner*,
Social Security Administration                                                                          DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received no later than fourteen (14) days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

## **DISPOSITION**

Pending is Defendant's Motion to Dismiss (DE #3). Plaintiff filed a Response on May 1, 2012 (DE #4), and Defendant filed a Reply that same day (DE #5). For the reasons that follow, the motion is GRANTED.

On August 17, 2010, the Administrative Law Judge (ALJ) issued an unfavorable decision denying Plaintiff's application for disability benefits. The Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision. This denial rendered the ALJ's decision the "final decision" of the Commissioner. *See* 20 C.F.R. §§ 404.981; 416.1481. Plaintiff had sixty days after the date he received the Appeals Council action to file his complaint in federal district court. *Id.*

Defendant asserts that Plaintiff's action should be dismissed as it was filed more than sixty (60) days after receipt of the Appeals Council's action. Plaintiff's counsel avers that he receives numerous notices from the Appeals Council and rarely, if ever, does he receive copies of the Appeals Council decision within five (5) days of the date of the notice. Therefore, he contends that he filed this action well within sixty (60) days from receiving notice of the Appeals Council decision.

The Social Security Act provides as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . , may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Generally, receipt of notice "is presumed five days after the date of notice,

unless there is a reasonable showing to the contrary; and that notice sent to the individual's representative has the same force and effect as notice sent to the individual." *Bess v. Barnhart*, 337 F.3d 988, 989-90 (8th Cir. 2003) (per curiam); *see* 20 C.F.R. §§ 404.901; 416.1401. Receipt of notice "by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period." *Bess*, 337 F.3d at 990.

The United States Supreme Court has established that the sixty-day time period is not jurisdictional, but rather constitutes a statue of limitation. *Bowen v. City of New York*, 476 U.S. 478 (1986) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975)). "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Id.* at 481. It is well-established that failure to comply with the sixty-day limitation warrants dismissal. *See Bess, supra*; *Turner v. Bowen*, 862 F.2d 708 (8th Cir. 1988).

In this case, the Appeals Council denied Plaintiff's request for review of the ALJ's decision on October 27, 2011. Within the sixty-day time frame, on December 21, 2011, Plaintiff's counsel requested a thirty-day extension to file a civil action. The Appeals Council granted Plaintiff's request on January 3, 2012. The letter informed Plaintiff and his counsel that he had to file a civil action no later than thirty days from the date he received the extension letter. Thus, presuming he received the letter five days later, on January 9, 2012,[1] Plaintiff had until February 8, 2012, to file a civil action. Plaintiff did not file his complaint until February 13, 2012. Therefore, it was untimely. While Plaintiff's counsel claims that he did not receive notice

---

[1] Five days after January 3, 2012, was a Sunday and receipt was presumed to be the next business day.

within five days, a denial is insufficient to rebut the presumption. *See McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987) (finding an affidavit by the claimant and his attorney to be insufficient to rebut the presumption that notice was received).

Based on this information, the Court finds that the presumption that notice was received five days after it was mailed applies and has not been rebutted. Therefore, because (1) Plaintiff was required to initiate a civil action within thirty days of receipt of the Commissioner's request for more time to file a civil action and (2) Plaintiff has not rebutted the presumption that notice was received by him five days after the letter's January 3, 2012, date, it is ordered that Defendant's Motion to Dismiss (DE #3 ) is granted.[2]

SO ORDERED this 10th day of May, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] In his Reply, the Defendant notes that Plaintiff can still seek another extension from the Appeals Council in accordance with the regulations. If granted, Plaintiff can file a new civil action at that time.